FULLER, Appellant, v. ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals, April 26, 1904.

**OBSTRUCTING HIGHWAY:** Negligence: Remote Cause. Where a railroad company negligently allowed a roadway running under a bridge, over which the track passed, to become obstructed and impassible so that a pedestrian was obliged to go around the bridge and over the embankment at the end of it, and, in doing so, fell and was injured, in an action against the railroad company for damages for such injury, the pedestrian was not entitled to recover in the absence of any allegation of negligence in maintaining the path on which she was traveling.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee, Judge.*

AFFIRMED.

*O. S. & G. M. Callihan* for appellant.

Plaintiff's petition certainly states a cause of action against defendant. The facts stated and proven show that defendant's wrongful act in so constructing its roadbed as to compel travel on the public highway to pass through the arch it had built over a ravine, that is practically a watercourse, and its negligence and omission in permitting the passageway to become obstructed, so that plaintiff was compelled to pursue the route she took to go over the embankment, was the proximate cause of her injuries, for which defendant is liable. Adams v. Railway, 100 Mo. 560; Graney v. St. Louis, 141 Mo. 180; Clemens v. Railroad, 53 Mo. 370; Thompson on Negligence (2 Ed.), sec. 48.

*Gardiner Lathrop, Samuel W. Moore, T. L. & S. J. Montgomery* for respondent.

Even if defendant were under obligation to maintain and keep the alleged highway under its bridge or arch in suitable condition for travel, but failed to do so, and allowed it to become obstructed or impassable (which we deny), the same was not the proximate cause of plaintiff's injury, and she can not recover on account thereof. Thompson on Negligence, sec. 81, p. 82; Hudson v. Railway, 101 Mo. 13; Stillson v. Railroad, 67 Mo. 671; Brown v. Railway, 20 Mo. App. 222; Jackson v. Railway, 13 Lea 491, 49 Am. 663; Farnum v. Concord, 2 N. H. 392; Hyde v. Jamaica, 27 Vt. 443; Stone v. Attleborough, 140 Mass. 328; Sullivan v. Boston, 126 Mass. 540; Railway v. Kelly (Tex.), 78 S. W. 372; Day v. Crossman, 1 Hun 570; Jenks v. Inhabitants, 11 Gray 142; Tutein v. Hurley, 98 Mass. 211; Glenn v. Railway, 21 S. S. 466; Cox v. Railroad, 102 Iowa 711; Evans, etc., Co. v. Railroad, 17 Mo. App. 624; Henry v. Railroad, 76 Mo. 293; Mathiason v. Mayer, 90 Mo. 585; Harlen v. Railroad, 65 Mo. —; Wallace v. Oil Co., 66 Fed. 260.

GOODE, J.—In 1896 the defendant railroad company built an arched stone bridge about one hundred and fifty feet long to carry its track across a ravine through which ran a stream of water and a public highway. Previous to the construction of the arch the track had run on a trestle about three hundred feet long over the ravine. The stream and the public road then ran parallel to each other and about two hundred feet apart. The railway track ran east and west and the hollow north and south. Because the bridge was about half as long as the trestle had been, it was necessary to throw up an embankment to support the railroad at either end of the arch, and this was done. As a consequence the public road was obstructed where it had previously run and diverted to run under the arch and people thereafter travelled along that route.

In March, 1901, when the accident to the plaintiff occurred, the creek under the arch froze over and became blocked with ice, so that the water stood over the road and rendered it impassable. Because this condition often existed the people who lived in the neighborhood were accustomed, when travelling on foot, to go over the embankment at the east side of the bridge and across the railway track instead of going under the arch. One Sunday night when plaintiff was returning from church, she attempted to descend the path on the side of the dump and while doing so fell to the bottom of the hollow and was severely hurt. This action was instituted to recover for the injury, but resulted in a verdict for the defendant.

The only negligence charged against the railway company is a disregard of its duty to keep a safe and convenient public road under the arch. The petition charges that it (the defendant) had "negligently permitted the bottom of said arch to become covered with large rocks and boulders; that the water in said ravine had, as aforesaid, carried into it water, and ice to the

depth of two feet had collected and accumulated in said arch, which, with the said large rocks and boulders that defendant had, as aforesaid, negligently permitted to accumulate and remain in said arch, rendered the same impassable, and that said condition of said arch had existed for several weeks prior to said third day of March, and was known to defendant or could have been so known by the exercise of ordinary care or diligence. Plaintiff states that on said third day of March, 1901, while returning on foot from said Dumas station to her home which is situated about fifty feet south of the south end of the arch, she was, on account of the impassable condition of said arch, as aforesaid, unable to pass through it, and was from necessity, in order to reach her home, compelled to use a certain footpath (which, because of the frequent occasion for its use made necessary by the said condition of said arch, which was its usual condition, had for a long time been so used by the public, with the knowledge and acquiescence of defendant) along the track of said railway over said arch, and leading down said railway embankment above and along the west side of the south end of said arch to the public road on the south side of said embankment, and in descending said embankment plaintiff, without any fault or negligence on her part, accidentally fell from near the top of said arch to the ground at the south end of said arch and was thereby greatly injured, bruised and mangled; that both of plaintiff's limbs were broken and crushed, and for more than five months plaintiff suffered excruciating pain of body and mind as the result of said injuries and still continues to so suffer from said injuries, which are permanent. Wherefore plaintiff states that by reason of the premises aforesaid she is damaged in the sum of nineteen hundred and ninety-nine dollars, five hundred dollars of which is for exemplary damages, for all of which plaintiff prays judgment and for costs of suit.'' It will be seen that while the negligence charged is in regard to the road under the arch, the in-

jury is stated to have been caused by the plaintiff falling from the path that extended over the embankment, as to the construction and maintenance of which no negligence is charged. It is apparent at a glance that the condition of the roadway under the arch could not have been the proximate cause of the accident to the plaintiff, however culpable the railway company may have been in obstructing the original roadway and failing to keep the new route under the arch in good condition. As the negligence charged had no relation to the injury as proximate cause it is unnecessary to consider the assignments of error in regard to the instructions. The petition stated no cause of action and the plaintiff is not entitled to a judgment. To charge that the railway company was negligent in maintaining a road on which the plaintiff was not travelling and then aver that she got hurt by falling on another road, as to which no negligence is alleged and which may have been in perfect order, is to fail utterly to state a cause of action. Plaintiff's theory that the defendant caused her to fall by preventing her from using the main highway would result, if accepted, in founding a case for a negligent tort on a remote instead of the proximate cause of damage. Thompson, Negligence, sec. 81; Brown v. Railroad, 20 Mo. App. 222; Jackson v. Railroad, 49 Am. Neg. 664.

Judgment affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.